IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03129-NYW

SITGES MANNING,

    Plaintiff,

v.

ROBERT L. MCGAHEY,

    Defendant.

_____

Civil Action No. 21-cv-03186-NYW

SITGES MANNING,

    Plaintiff,

v.

GOVERNOR'S PLACE CONDOMINIUM ASSOCIATION, et al.,

    Defendants.

_____

Civil Action No. 21-cv-03187-NYW

SITGES MANNING,

    Plaintiff,

v.

GOVERNOR'S PLACE CONDOMINIUM ASSOCIATION, et al.,

    Defendants.

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff Sitges Manning ("Plaintiff" or "Ms. Manning")'s failure to respond to this court's Order to Show Cause dated February 3, 2022; failure to appear at court-ordered Status Conferences; and purported failure to prosecute.

**BACKGROUND**

On November 19, 2021, Plaintiff initiated a civil action *pro se* against Robert L. McGahey in the United States District Court for the District of Colorado: Civil Action No. 21-cv-03129-NYW (the "First Action"). *See* [First Action, Doc. 1].[1] Then, on November 26, 2021, Plaintiff initiated two additional actions in the United States District Court for the District of Colorado, again proceeding *pro se*: Civil Action No. 21-cv-03186-NYW (the "Second Action") and Civil Action No. 21-cv-03187-NYW (the "Third Action"). *See* [Second Action, Doc. 1]; [Third Action, Doc. 1].[2] Each of these cases was directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1(c). *See* [First Action, Doc. 2]; [Second Action, Doc. 2]; [Third Action, Doc. 2].

In each of the pending actions, the court issued a Minute Order setting a Telephonic Status Conference for February 3, 2022: at 10:00 a.m. in the First Action, *see* [First Action, Doc. 4]; at 11:00 a.m. in the Second Action, *see* [Second Action, Doc. 4]; and at 11:30 a.m. in the Third Action. *See* [Third Action, Doc. 4]. In addition, the court set, in each case, the deadline for the filing of the Consent/Non-Consent Form, indicating either unanimous consent of the

---

[1] Because this Order and Recommendation is applicable in multiple active cases, the court refers to docket entries by both the action and the docket number.

[2] The Second Action is brought against 38 separate Defendants, *see* [Second Action, Doc. 1], and the Third Action names 32 separate Defendants. *See* [Third Action, Doc. 1].

Parties or that consent had been declined, for January 20, 2022. [First Action, Doc. 4 at 1]; [Second Action, Doc. 4 at 2]; [Third Action, Doc. 4 at 2]. Each of these Minute Orders was mailed to Plaintiff at Plaintiff's provided address. *See* [First Action, Doc. 5]; [Second Action, Doc. 5]; [Third Action, Doc. 5]. The Minute Orders were not returned to the court as undeliverable.

The court convened for each of the Telephonic Status Conferences on February 3, 2022 as set by the court's Minute Orders. Plaintiff did not appear at any of the Telephonic Status Conferences. Nor, to the best of the court's knowledge, did Plaintiff attempt to call chambers to advise the court of any emergent reason for her non-attendance. In addition, Plaintiff did not file a completed Consent Form in any of the pending actions by this court's January 20, 2022 deadline, nor did Plaintiff seek relief from this deadline.

Because Plaintiff failed to comply with multiple orders of the court, the court issued an Order to Show Cause in each pending action on February 3, 2022. *See* [First Action, Doc. 6]; [Second Action, Doc. 6]; [Third Action, Doc. 6]. Specifically, the court ordered Plaintiff to show cause, in writing and on or before February 25, 2022, why the pending actions should not be dismissed without prejudice based on Plaintiff's failure to prosecute. The court specifically advised Plaintiff that "the failure to respond to th[e] Order to Show Cause may result in this court recommending that the First Action, Second Action, and Third Action be dismissed without prejudice, without further warning of the court." [First Action, Doc. 6 at 4]; [Second Action, Doc. 6 at 4]; [Third Action, Doc. 6 at 4].

Plaintiff did not respond to the Order to Show Cause by the court's deadline. On February 14, 2022, the Order to Show Cause was returned to this court as undeliverable. *See*

[First Action, Doc. 8]. Plaintiff has not filed any notice of change of address to inform the court of a change in her contact information. This Recommendation follows.

## ANALYSIS

The Local Rules of Practice require *pro se* parties to maintain current contact information and file a notice of change of address within five days of the date of the change. *See* D.C.COLO.LCivR 5.1(c). In addition, Local Rule of Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. Similarly, Rule 41 of the Federal Rules of Civil Procedure provides that a court may dismiss a party's claims if a party "fails to prosecute or comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

Although Plaintiff proceeds *pro se*, a party's *pro se* status does not exempt her from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The court plays a neutral role in the litigation process and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Here, the court finds that Ms. Manning has failed to comply with Local Rule 5.1 by not informing the court of any change in her mailing address within five days of that change.

Because this court received its Order to Show Cause returned as undeliverable on February 14, 2022, *see* [First Action, Doc. 8], this court can only assume that five days have passed since Plaintiff's address changed. This court is mindful that Plaintiff has indicated that she is currently unhoused. *See, e.g.*, [First Action, Doc. 1 at 1]. While the court is sympathetic to the challenges faced by a litigant who may not have a permanent address and who is unable to maintain a consistent mailing address, Plaintiff's failure to keep the court informed of her current contact information has resulted in the court's inability to contact Plaintiff and has rendered the progression of this litigation impossible. *See Birdsall v. Lee*, No. 08-cv-00081-WDM-MEH, 2008 WL 4080194, at *2 (D. Colo. Aug. 28, 2008) "[T]he matter is at a standstill without Plaintiff's presence in the case and [she] is the only one who can change the situation."). Indeed, the lack of viable contact information for Plaintiff precludes this court's ability to re-send the Order to Show Cause or otherwise alert Plaintiff of the risk of dismissal.

"Just as Defendant[] [is] burdened by Plaintiff's failure to provide a current address . . . so, too, is the Court." *Almeyda v. Peterson*, No. 08-cv-01778-ZLW-KLM, 2009 WL 1396262, at *3 (D. Colo. May 15, 2009). Plaintiff's failure to follow the Local Rules provides a basis for dismissal of this case without prejudice. *See Fogle v. Bonner*, No. 09-cv-00962-WYD-BNB, 2010 WL 1780825, at *1 (D. Colo. Feb. 23, 2010), *report and recommendation adopted*, 2010 WL 1780820 (D. Colo. Apr. 30, 2010) (recommending that a case be dismissed due to, in part, the plaintiff's failure to file a notice of change of address).

In addition, by failing to appear at the court-ordered Status Conferences and failure to respond to this court's Order to Show Cause, Plaintiff has violated multiple Orders of the court, which provides an additional basis for dismissal of this action. *See Gripe*, 312 F.3d at 1188. Under Rule 1 of the Federal Rules of Civil Procedure, this court is charged with administering

the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Without any action from Plaintiff, the court is unable to fulfill this function. And because this litigation cannot proceed without Plaintiff's participation, and because it appears that this court has no way of contacting Plaintiff to inform her of any court deadlines or other orders, the court finds that Plaintiff's failure to comply with Orders of this court and this District's Local Rules has amounted to a failure to prosecute.[3]

Given Plaintiff's failure to comply with Orders of this court and this District's Local Rules, in addition to the fact that this litigation cannot proceed, the court finds that dismissal without prejudice for failure to prosecute is appropriate. *See Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) (noting a district court's inherent power to dismiss an action for failure to prosecute). For the reasons set forth herein, this court respectfully **RECOMMENDS** that the First Action, Second Action, and Third Action be **DISMISSED without prejudice** for failure to prosecute, failure to follow court orders, and failure to comply with the Local Rules. *See Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *3 (D. Colo. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013) (recommending dismissal without prejudice based on the plaintiff's failure to file

---

[3] In addition, the court notes that Plaintiff's deadline to serve the Defendant in the First Action was February 17, 2022, and the deadline to serve the Defendants in the Second and Third Actions was February 24, 2022. *See* Fed. R. Civ. P. 4(m) (setting the deadline to serve at 90 days after the complaint is filed). Based on the dockets in each of the pending actions, it does not appear that any named Defendants in any action have been served. If a defendant is not served within 90 days of the filing of the complaint, the court, "on motion or on its own *after notice to the plaintiff* . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Here, the Order to Show Cause was entered prior to the expiration of the service deadlines, and thus, the Order to Show Cause did not include notice to Plaintiff that the pending actions may be dismissed without prejudice under Rule 4(m) for failure to serve. *See, e.g.*, [First Action, Doc. 6]. For this reason, failure to serve under Rule 4(m) <u>does not serve as a basis</u> for this court's Recommendation. Rather, the court simply notes Plaintiff's failure to serve so as to provide additional context to the stagnant nature of the First, Second, and Third Actions.

a notice of change of address, failure to respond to an order to show cause, failure to comply with the Local Rules, and failure to prosecute).

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) The Clerk of Court **SHALL REASSIGN** the First Action (21-cv-03129-NYW), the Second Action (21-cv-03186-NYW), and the Third Action (21-cv-03187-NYW) to a District Judge.

Additionally, this court respectfully **RECOMMENDS** that:

(1) The First Action, Second Action, and Third Action be **DISMISSED without prejudice** for failure to prosecute, failure to follow the Local Rules, and failure to comply with court orders.[4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

A copy of this Order and Recommendation **SHALL BE SENT** to Plaintiff at Plaintiff's only known address:

> Sitges Manning
> 4077 Fifth Avenue
> San Diego, CA 92103

DATED:  March 8, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge